IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LINDA KYLE | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-00655 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be Reversed and Remanded.

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on May 26, 2010, claiming entitlement to disability benefits for Meniere's Disease, thyroid problems, and mitro vavle prolapse. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) on April 19, 2011 in Paris, Texas. Plaintiff was represented by Roger I. Owen, a non-attorney representative, at the proceeding. At the hearing, Plaintiff and an impartial vocational expert, Charles E. Smith, testified.

On May 3, 2011, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on August 17, 2012. Therefore, the May 3, 2011 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since May 26, 2010, the application date (20 C.F.R. 416.971 *et seq.*).

2. The claimant has the following severe impairments: Meniere's disease with vertigo, deafness in the left ear, and heart problems with history of mitral valve prolapse (20 C.F.R. 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 416.967(a) except she can occasionally stoop, crouch, crawl, kneel, and balance; occasionally climb ladders, but never climb stairs; and due to vertigo she can never be exposed to heights or dangerous moving machinery.

5. The claimant has no past relevant work (20 C.F.R. 416.965).

6. The claimant was born on February 26, 1963 and was 47 years old, which is defined as a younger individual age 45-49, on the date the application was filed (20 C.F.R. 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R. 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform (20 C.F.R. 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since May 26, 2010, the date the application was filed (20 C.F.R. 416.920(g)).

(Tr. 10-16).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of

a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482

U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff brings three points of error. The first point of error is that the ALJ erred in finding that her Meniere's Disease did not meet a listing at step three. Plaintiff contends that the record indicates that she has met the listing. She must show under this listing a history of frequent attacks of balance, disturbance, tinnitus, and progressive hearing loss. This must be demonstrated by disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests, as well as hearing loss established by audiometry.

Plaintiff has put forth credible evidence that she met the criteria. Unfortunately, the ALJ did not specifically state why he felt she did not meet the listing. The ALJ erred in failing to state any reason for the adverse determination at step three. *See Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007).

Yet, even if error, the Court is required to determine whether such error was harmless. *Morris v. Bowen*, 864 F.2d 333,334 (5th Cir. 1988). Plaintiff has pointed out in her response, as indicated in the record,s why she meets the listing. Absent some explanation from the ALJ to the contrary, it would appear that she has met her burden and therefore she has shown that her substantial rights were affected by the ALJ's failure to set out the basis for his decision at step three.

The case is remanded for additional findings at step three.[1] The ALJ is directed to determine and specify whether or not Plaintiff meets the step three listing for 2.07 as it relates to her Meniere's disease.

**SO ORDERED**.

**SIGNED this 17th day of September, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[1] Since the Court has remanded the case, it need not address the remaining points of error.